UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

**MANUEL LOPEZ LOPEZ,**

    Plaintiff,

v.

**DELAND PANDA HIBACHI, LLC,**
a Florida Corporation,
**JIAO CHEN,** individually,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, MANUEL LOPEZ LOPEZ ("Lopez"), under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, DELAND PANDA HIBACHI ("Panda Hibachi") and JIAO CHEN ("Chen") individually, and alleges, as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Panda Hibachi is, and was, a Florida corporation, authorized to conduct and conducting business in Volusia County, Florida.

3. At all material times, Chen, is *sui juris* and a resident of Volusia County, Florida.

4. At all material times, Lopez, is *sui juris* and a resident of Volusia County, Florida.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. This is an action for unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7. Upon information and belief, the annual gross revenue of Panda Hibachi was at all times material hereto, in excess of $500,000.00 per annum.

8. At all material times hereto, Panda Hibachi was and continues to be an enterprise engaged in interstate commerce.

9. At all material times hereto, Panda Hibachi operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by Panda Hibachi, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, Panda Hibachi is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13. Upon information and belief, Chen is the manager of Panda Hibachi and has economic and day-to-day control of Panda Hibachi, and of the nature and structure of Plaintiff's employment relationship with Panda Hibachi and is therefore an employer as defined by 29 U.S.C., Section 203(d).

### GENERAL ALLEGATIONS

14. Upon information and belief, Panda Hibachi employed Plaintiff from approximately May 8, 2017 through May 30, 2018 ("the relevant time period").

15. During the relevant time period, Plaintiff was employed as a non-exempt Dishwasher earning an average of $1,800 per month.

16. At all material times, Panda Hibachi's gross annual revenues were in excess of $500,000.00

17. Throughout his employment with Panda Hibachi, Plaintiff routinely worked for Panda Hibachi for a total of seventy-two (72) hours per week, forty (40) regular hours and thirty-two (32) overtime hours.

18. Notwithstanding, plaintiff received an average of $6.25 per hour for all hours worked by him each month. Defendants failed/refused to pay to Plaintiff the required minimum and overtime wages as required by the FLSA, and Florida law.

19. Defendants willfully and intentionally failed/refused to pay to Plaintiff the federally required minimum and overtime wages for all hours worked by Plaintiff.

20. Defendants knew of the minimum and overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

21. As a result, Plaintiff has suffered damages and is entitled to receive overtime and minimum wage compensation.

22. Plaintiff has complied with all conditions precedent to filing this action.

23. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

### PRE-SUIT DEMAND

24. On May 30, 2019, Plaintiff through his undersigned counsel, sent to Panda Hibachi, a written pre-suit demand regarding the violations of the minimum wage and overtime provisions of the FLSA, and requesting that they pay the amounts owed to Plaintiff, but Panda Hibachi failed/refused to do so ("Demand").

### COUNT I
### VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA
### AGAINST PANDA HIBACHI

25. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

26. This is an action against Panda Hibachi for overtime compensation pursuant to 29 U.S.C. § 216(B).

27. Plaintiff routinely worked in excess of forty (40) hours per week for Panda Hibachi.

28. Specifically, Plaintiff estimates that he worked for Panda Hibachi for a total of seventy-two (72) hours per week, forty (40) regular hours and thirty-two (32) overtime hours.

29. Plaintiff was a non-exempt hourly employee, entitled to the Florida minimum wage and to be compensated at the rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

30. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime for Panda Hibachi as defined in 29 U.S.C. § 203 (g).

31. Panda Hibachi failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

32. At all material times, Panda Hibachi knew or should have known that such refusal and/or failure is prohibited by the FLSA.

33. Notwithstanding, Panda Hibachi intentionally and willfully violated the FLSA, as cited herein.

34. At all material times, Panda Hibachi failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

35. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA AGAINST CHEN

36. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

37. This is an action against Chen for overtime compensation pursuant to 29 U.S.C. § 216(B).

38. Plaintiff routinely worked in excess of forty (40) hours per week for Chen.

39. Specifically, Plaintiff estimates that he worked for Chen for a total of seventy-two (72) hours per week, forty (40) regular hours and thirty-two (32) overtime hours.

40. Chen had day-to-day and operational control of Plaintiff and his compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

41. Plaintiff was a non-exempt hourly employee, entitled to the Florida minimum wage and to be compensated at the rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

42. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime for Chen as defined in 29 U.S.C. § 203 (g).

43. Chen failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

44. At all material times, Chen knew or should have known that such refusal and/or failure is prohibited by the FLSA.

45. Notwithstanding, Chen intentionally and willfully violated the FLSA, as cited herein.

46. At all material times, Chen failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

47. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

### COUNT III
### VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF THE FLSA AGAINST PANDA HIBACHI

48. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

49. The FLSA requires that Panda Hibachi pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a). The FLSA requires that Panda Hibachi, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period.

50. Panda Hibachi knew of and showed reckless disregard for the provisions of the FLSA because Panda Hibachi knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage in Florida considering his seventy-two (72) hours worked each week.

51. Panda Hibachi willfully and intentionally failed to pay Plaintiff his minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage.

52. Panda Hibachi did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

53. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

### COUNT IV
### VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF THE FLSA AGAINST CHEN

54. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

55. The FLSA requires that Chen pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a). The FLSA requires that Chen, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period.

56. Chen knew of and showed reckless disregard for the provisions of the FLSA because Chen knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage in Florida considering his seventy-two (72) hours worked each week.

57. Chen willfully and intentionally failed to pay Plaintiff his minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage.

58. Chen did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

59. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

60. Plaintiff hereby demands a jury trial of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Manuel Lopez Lopez, respectfully requests that judgment be entered in his favor against Defendants Panda Hibachi and Jiao Chen, as follows:

(a) Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the minimum and overtime wages provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the minimum and overtime wages provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, minimum wages, and overtime wages compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required minimum and overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 21st day of June 2019.

           By: /s/ Monica Espino
           Monica Espino, Esq.
           Florida Bar No. 834491
           Espino Law
           2655 S. Le Jeune Road
           Suite 802
           Coral Gables, FL 33134
           Tel.: 305.704.3172
           Fax: 305.722.7378
           Email: me@espino-law.com
           Secondary: legal@espino-law.com
           *Counsel for Plaintiff*