# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MANUEL LOPEZ LOPEZ,**

      **Plaintiff,**

v.                                                     **Case No: 6:19-cv-1151-WWB-EJK**

**CITY BUFFET INC and XING BIN LI,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion for Attorney Fees (the "Motion"), filed October 22, 2021. (Doc. 37.) Upon consideration, I respectfully recommend that the Motion be granted in part.

### I. BACKGROUND

On June 21, 2021, Plaintiff filed this action for unpaid overtime and minimum wage compensation under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–209. (Doc. 1.) On December 11, 2019, Plaintiff properly served Defendants City Buffet Inc. and Xing Bin Li (collectively, "Defendants"). However, no answer was filed by either Defendant. Thus, the Clerk entered default against both Defendants on March 13, 2020. (Doc. 23.) Thereafter, Plaintiff filed for default judgment, which this Court granted and awarded Plaintiff $28,579.20 in damages and reserved jurisdiction to award attorney's fees and costs. (Docs. 35, 37–39.) Plaintiff then filed the instant Motion.

## II.   STANDARD

The Court uses the familiar "lodestar" method to determine a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate(s) and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotation marks omitted). As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Finally, the party seeking an award of expenses bears the burden of submitting a request that enables the court to determine what expenses the party incurred and why it is entitled to an award of those expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

## III. DISCUSSION

Plaintiff requests an award of $4,280.00 in attorney's fees and $956.80 in costs. (Doc. 37 at 3.) The Court previously found that Plaintiff was entitled to attorney's fees and costs when it granted default judgment (Docs. 36, 38), so the undersigned will address only the reasonableness of the hourly rate, hours expended, and the costs.

### A. Reasonableness of Hourly Rate

Plaintiff requests that the Court find reasonable an hourly rate of $400.00 per hour for attorney Monica Espino. (Doc. 37 at 3.) "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.*

In the Motion, Plaintiff asserts that this Court has found similar hourly rates to be reasonable. (*Id.*); *Raymond v. Buffalo City Bar & Grill, Inc.*, No. 8:18-cv-1619-T-33JSS, 2018 WL 4924351, at *2 (M.D. Fla. Oct. 10, 2018) (approving $400 hourly rate in an FLSA case resulting in default judgment); *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *7 (M.D. Fla. June 19, 2019), *report and recommendation adopted*, No. 8:19-cv-296-T-33CPT, 2019 WL 2929325 (M.D. Fla. July 8, 2019) (approving $400 hourly rate in an FLSA case resulting in default judgment for an attorney with 20 years of experience). Additionally, Attorney Espino has sixteen years of "extensive experience in labor and employment matters such as the one filed

in this action." (Doc. 37-1 ¶ 2.) Given the undersigned's own knowledge of market rates, and Attorney Espino's Declaration, Plaintiff has demonstrated that a rate of $400.00 per hour for Attorney Espino is reasonable.

### B. Reasonableness of Hours Expended

The next step in the analysis is to determine what hours were reasonably expended. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (unpublished) (internal quotation marks omitted). Courts may cut specific hours, or may engage in "an across-the-board cut," so long as the court adequately explains its reasons for doing so. *Id.*

Plaintiff seeks compensation for 10.70 [1] hours. (Doc. 37-2 at 2–3.) The undersigned has reviewed the billing records for Attorney Espino (*id.*) and finds that the amount of time expended was reasonable. The billing entries are limited to time spent litigating Plaintiff's FLSA claims and do not include tasks that are clerical, secretarial, or excludable as unnecessary.

Because I find the time spent litigating the Plaintiff's claims and Attorney Espino's hourly rate to be reasonable, I recommend that the Court approve an attorney's fee award of $4,280.00.

---

[1] Attorney's Espino's Declaration states she expended 19 hours on this matter. (Doc. 7-1 ¶ 2.) However, the billing entries amount to 10.70 hours, which matches the total fee requested when calculated based on a rate of $400.00 per hour. (Doc. 37-2 at 2–3.)

## C. Costs

Here, Plaintiff requests $956.80 in costs, consisting of: $400.00 for the filing fee; $540.00 for the service of process fees; and $16.80 in postage costs for sending a demand letter. (Doc. 37-2 at 2.) The undersigned finds that $400.00 in filing fee costs is reasonable because this was the fee charged for opening a civil action in the Middle District of Florida when Plaintiff instituted his action. Additionally, the fees for service of process are properly taxable as "fees of the clerk and marshal" under Section 1920. *U.S. Equal Emp't Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding that private process server costs are taxable under section 1920(1)). However, the Eleventh Circuit has held that costs for "postage [fees] . . . are clearly nonrecoverable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir.1996); *see also Rosario v. AAA Sec. Prot., Inc.*, No. 8:14-cv-391-T-36AEP, 2015 WL 427533, at *4 (M.D. Fla. Feb. 2, 2015) (denying costs associated with postage in an FLSA action). Accordingly, the award of costs should be reduced by $16.80 to account for the nonrecoverable postage fees. As such, the undersigned finds that Plaintiff is entitled to an award of costs amounting to $940.00.

## IV. RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT in part** the Motion (Doc. 37);
2. **AWARD** Plaintiff $4,280.00 in attorney's fees; and
3. **AWARD** Plaintiff $940.00 in costs.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 7, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record